Filed 10/7/13  P. v. Bleichner CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B247045 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA 387340) |
| v. | |
| CODY JOSEPH BLEICHNER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara R. Johnson, Judge.  Affirmed.

Alan E. Spears, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*

Cody Bleichner appeals from a judgment of conviction after a jury found him guilty of three counts of first degree burglary. For two of the counts, the jury also found true allegations that another person other than an accomplice was present in the residence during the commission of the burglaries. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issues. We therefore affirm the judgment. We do find however, that the amended abstract of judgment contains a clerical error, and incorrectly states the conviction on count 3 included a finding that the burglary was committed while another person was present, so a corrected abstract of judgment must be issued as provided herein.

## PROCEDURAL HISTORY

In an amended information filed September 14, 2012, it was alleged that appellant committed four counts of first degree residential burglary in violation of Penal Code section 459.[1] Each count was alleged to be a serious felony pursuant to section 1192.7, subdivision (c). Counts 1, 2, and 4 were alleged to be violent felonies under section 667.5, subdivision (c), in that another person, other than an accomplice, was present in the residence during the commission of the offense. It was also alleged that the offenses required registration under section 290, subdivision (c), and appellant would be subject to state-prison custody under section 1170, subdivision (h)(3).

On February 14, 2012, between the filing of the initial and amended Information, the trial court declared doubt as to appellant's mental competency under section 1368, referred appellant for an examination pursuant to Evidence Code section 730, and suspended the proceedings. After appellant underwent a psychological examination, the

---

[1]     Undesignated statutory citations are to the Penal Code.

court found him incompetent to stand trial. On March 28, 2012, the court referred him to Patton State Hospital (Patton) for treatment and adjourned proceedings.

Appellant was admitted to Patton on June 11, 2012. On July 13, 2012, hospital staff found him competent to stand trial and on July 31, 2012, Patton's Medical Director signed a Certificate of Mental Competency pursuant to section 1372. Appellant was returned to court and proceedings resumed on August 28, 2012.

After a four-day trial, the jury convicted appellant of first degree burglary on counts 2, 3, and 4, and, for counts 2 and 4, found the allegation true that those burglaries were committed while a person other than an accomplice was present. During the trial, the court dismissed count 1 pursuant to section 1385.

At the February 4, 2013 sentencing hearing, the court denied probation and sentenced appellant to state prison for a total term of four years: a four-year midterm on count 2 and concurrent four-year mid-terms on counts 3 and 4. The court imposed various fines and fees: for count 1, a $280 restitution fine (§ 1202.4, subd. (b)), a $280 parole restitution fine suspended unless parole is revoked (§ 1202.45), and a $10 crime prevention fine (§ 1202.5); for each count, a $40 court operations fee (§ 1465.8, subd. (a)(1)) and a $30 conviction assessment fine (Gov. Code, § 70373); and for one of the victims, $250 in restitution. Appellant was also ordered to provide a DNA sample pursuant to section 296. The court awarded 639 days of custody credit, consisting of 508 days of actual custody, 55 days of custody credit while appellant was at Patton, and 76 days of conduct credit. In an amended abstract of judgment filed on July 30, 2013, the court corrected the credits to 642 days, which included 532 days of actual custody, 31 days of custody credit while appellant was at Patton, and 79 days of conduct credit.[2] Appellant filed a timely notice of appeal on February 19, 2013.

---

[2] In a footnote in his *Wende* brief, appellant's counsel explained that the trial court's initial calculation of appellant's credits for his time at Patton was incorrect under *People v. Bryant* (2009) 174 Cal.App.4th 175, 184, and that, at the time the brief was filed, appellant had sought correction of the judgment. The amended abstract of judgment corrected the error, so we do not address it. (§ 1237.1.)

# STATEMENT OF FACTS

On July 27, 2011, victim David Cowan returned from vacation to find several rooms in his Hollywood home were a mess, with plates of food, wine bottles, cigarette butts, and clothes strewn about. He walked upstairs to his bedroom and found appellant asleep in his bed. He swore and yelled at appellant to get out, but then thought better of standing there and went downstairs to call the police. While he was on the phone, appellant ran down the stairs, past Cowan, and out the front door. On inspecting his home, Cowen found a ladder had been used to access his balcony, and a window screen had been removed. At the time, he did not realize his employee identification badge was missing, and it was later found in a bag at another victim's home and returned to him.

Victim Jignasu Desai lived and worked at his parent's hotel at Franklin and Wilcox Avenues in Hollywood. On July 28, 2011, he left his room in the morning and went to work. When he returned around 4:30 p.m., he noticed his laptop computer was missing, and, after checking to see if a family member had borrowed it, he noticed other items missing, including $1,200 in American currency, $1,000 in Indian currency, clothes, bedding, toiletries, and a gold bracelet with the name "Desai" on it. He later reviewed surveillance video set up at the hotel and saw an unidentifiable man running from the hotel with a duffel bag.

On August 1, 2011, victim Michael Gold left his Hollywood home in the morning. When he returned at 8:00 or 9:00 p.m., he found appellant inside his house. He asked what appellant was doing there, and appellant replied it was his grandfather's house and his grandfather had given him keys, and he reached into his pocket to retrieve them. Gold told him it was not his or his grandfather's house and told him to get out. Appellant wanted to go downstairs and get his "stuff," but Gold pushed him out the front door. While on the phone with the police, Gold heard a noise at the back of the house. He then noticed his sliding glass door was open and the curtain was flapping in the wind. When he went out on the balcony and looked down, he saw appellant trying to crawl in the master bedroom window on the level below. Gold yelled at him to get out, and he finally left.

4

On inspecting the house, Gold found half-full glasses of wine and bottles of beer, empty plates, ashtrays with cigarettes, and food strewn about. The wine and potato chips belonged to Gold. Downstairs in the master bedroom, Gold's bed appeared to have been slept in, and there were more half-empty glasses. The bathroom shower and Gold's toiletries had been used. On the bed, Gold also found a backpack that belonged to him, and when he looked inside, he found Jignasu Desai's laptop computer, David Cowan's employee identification badge, some watches, and a wallet. The wallet contained four identification cards bearing appellant's name. The following day, Gold saw appellant riding a bicycle on the street in front of his house. Officers arrested appellant a few blocks away and recovered Desai's bracelet from his wrist.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra,* 25 Cal.3d at page 441. On June 13, 2013, we advised appellant that he had 30 days within which to submit any contentions or issues he wished us to consider. Appellant did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende*, *supra*, 25 Cal.3d at p. 441; see also *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

However, both the original and amended abstracts of judgment incorrectly indicate that the jury found true for count 3 an allegation that a person other than an accomplice was present during the burglary. The amended Information did not allege that fact, there was no evidence presented at trial to support it, and the jury did not find that fact to be true. We deem this error to be a clerical error. A corrected abstract of judgment must therefore be issued to delete the reference to the person present allegation for count 3. We also note the amended abstract of judgment contains a clerical error identifying the

5

person present allegation for counts 2 and 4 as "person person." We direct the trial court to correct that error as well.

## DISPOSITION

The judgment is affirmed. The trial court shall amend the abstract of judgment and forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


FLIER, J.


We concur:


BIGELOW, P. J.


RUBIN, J.


6